UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:24-20295-CR-JB

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EULIDES OLIVEROS-LUGO,

    Defendant.
_____/

## MOTION FOR DOWNWARD VARIANCE
## PURSUANT TO 18 USC § 3553 AND OTHER RELIEF

COMES NOW the Defendant, Eulides Oliveros-Lugo, by and through the undersigned counsel and moves for a Downward Variance pursuant to 18 U.S.C. § 3553, and in support would state as follows:

1. On September 25, 2025, the Defendant pled guilty to Count 1 of the Indictment, charging him with conspiracy to possess with intent to distribute controlled substances on board a vessel subject to United States jurisdiction, in violation of Title 46, United States Code, 70506. [DE:14]

## DISCUSSION OF THE 3553 FACTORS AND
## INCORPORATED MEMORANDUM OF LAW

2. Pursuant to the sentencing scheme of 18 U.S.C. § 3553, the Court must first examine the sentencing guidelines and then apply the sentencing factors of 18 U.S.C. § 3553 in order to reach a sentence that is "...sufficient, but not greater than

1

necessary...". In making this ultimate sentencing decision, this Court should consider all the factors of 18 U.S.C. § 3553(a) in order to **impose a sentence that is "reasonable" and not greater than necessary** to achieve the sentencing objectives under the statute. The Statute provides the following factors for the Court to consider:

> 1) The **nature and history of the offense** and **the history and characteristics of the Defendant.**
>
> 2) The need for the sentence imposed;
>
> a) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense.
>
> b) to afford adequate deterrence to criminal conduct;
>
> c) to protect the public from further crimes;
>
> d) to provide the Defendant with educational, vocational training or medical care in the most effective manner.
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

(ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject

3

to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

(B) that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced. [1]

(6) **the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**; and

(7) the need to provide restitution to any victims of the offense. **[EMPHASIS ADDED]**

## CHARACTERISTICS OF THE DEFENDANT

3. In the case at bar, in order to reach a sentence that is "…**sufficient, but not greater than necessary**" pursuant to the factors of 18 U.S.C. § 3553, the Court must take a close look at the **history and characteristics of the Defendant.** Thus, this Court must get familiar with the history and characteristics of **Eulides Oliveros-Lugo**.

4. Eulides Oliveros-Lugo was born in Carupano, Venezuela on September 4, 1993. [PSI:DE:187:9¶39] The Defendant is 32 years of age. Mr. Oliveros-Lugo's. was born of a relationship between Nancy Lugo, age 61 and Eulides Lugo, age 70

4

[PSI¶62] The Defendant completed high school at Liseo Bolivariano San Juan de Unare in Venezuela and did not obtained any further education. [PSI-DE:187:11 ¶50] The Defendant has no criminal history. [PSI-DE:187:9 ¶32]

5. The Defendant has two minor children from his common law relationship with Kaylin Brazon, age 25. His children are **Elias Benito Oliveros Brazon**, age 7 and **Moses Isaiah Oliveros Brazon**, age 5. Defendant has been separated from Kaylin Brazon for about four years and he was left with the task of rearing his two minor children.




6. Currently, the Defendant's mother is the primary caregiver to the Defendant's two minor children.[PSI-DE:187:9 & 10 ¶42] However, his mother's health has been deteriorating lately. His mother's legs get very swollen and thus she has lots of difficulties walking and taking care of the Defendants' minor children. His mother has been prescribed **Enalaprin** for her high blood pressure; **Amlodioina**,

5

to prevent her high blood pressure and her chest pains; and **Diclofenac** to treat her leg inflammation and her leg pain**.**





6

7. The Defendant resides in a modest two bedroom house with his parents and minor children. The house has a bathroom, but often there is no water or electricity.



8. The Defendant like his father are fishermen.



9. As noted in Paragraph 45 of the PSI, Mr. Oliveros-Lugo has suffered from intestinal obstructions that require him to undergo emergency surgery.

10. There are **extraordinary and compelling reason** for granting a downward variance. As stated above and as noted in the PSI, Mr. Oliveros-Lugo has two minor children. The Defendant is a single father. The child's mother is not involved in rearing the children and has very little contact with his them.

11. The Defendant is the primary caregiver for his minor son. He not only provided physical and emotional needs for his children, he also provided financial support.

12. USSG Amendment 814:

> §1B1.13.  Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)
>
> (a)     In General.—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)    (A)    extraordinary and compelling reasons warrant the reduction; or
> (B)     the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)     th**e defendant is not a danger to the safety of any other person or to the community**, as provided in 18 U.S.C. § 3142(g); and
>
> (3)     the reduction is consistent with this policy statement.
>
> (b)     **Extraordinary and Compelling Reasons.— Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof**:
>
> (1)     Medical Circumstances of the Defendant.—
> (A)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A

specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B)     The defendant is—

(i)     suffering from a serious physical or medical condition,

(ii)    suffering from a serious functional or cognitive impairment, or

(iii)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)     The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)     The defendant presents the following circumstances—

(i)     the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii)   such risk cannot be adequately mitigated in a timely manner.

(2)   <u>Age of the Defendant</u>.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3)   **<u>Family Circumstances of the Defendant.</u>**—
(A)   The death **<u>or incapacitation of the caregiver</u> of the <u>defendant's minor child</u> or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.**

(B)   **<u>The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.</u>**

(C)   **<u>The incapacitation of the defendant's parent</u> when the defendant would be the only available caregiver for the parent.**

(D)   **<u>The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual.</u>** For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

13. This expansion reflects the Commission's determination that providing care for a child with severe caretaking needs presents a circumstance similar to providing care for a minor child, as some courts have recognized. See, e.g., *United States v.*

11

*Barnes*, No. 3:17-cr-00011, 2021 WL 1269783, at *4 (S.D. Ind. Jan. 29, 2021) (granting a sentence reduction to a defendant whose 21-year-old son had numerous physical and mental disabilities that required 24-hour care, finding these circumstances "to be analogous to a minor child"). Second, the amendment adds a new provision for cases in which a defendant's parent is incapacitated and the defendant would be the only available caregiver. Other than the relationships specified in the current policy statement, a parent has been the family member most often identified as needing care by courts granting sentence reductions under § 3582(c)(1)(A).

14. In addition, 18 U.S.C §3533 provides the road map for federal sentencing. Sentences must be "sufficient, but not greater than necessary" to comply with specific sentencing purposes, which include that the sentence reflect the severity of the offense, afford adequate deterrence, protect the public from future crimes of the defendant, and provide necessary educational or vocational training, medical care, or other correctional treatment for the defendant in the most effective manner. 18 U.S.C. §3533(a). Courts have considered family ties at sentencing under 18 U.S.C. §3553(a)(1), which states that sentencing judges may consider "the history and characteristics of the defendant." *See, e.g.*, *United States v. Thavaraja*, 740 F.3d 253, 255, 262–63 (2d Cir. 2014).

15. For the most part, the Courts even prior to this recent amendment to the guidelines have held that section 5H1.6 is "no more binding on sentencing judges than the calculated Guidelines ranges themselves" and has considered family circumstances as part of "the history and characteristics of the defendant" under 18 U.S.C. §3553(a)(1). *Thavaraja*, 740 F.3d at 255, 262–63.*Thavaraja*, 740 F.3d at 262 (rejecting argument that district court gave improper weight to defendant's family circumstances and permitting consideration of the impact that potential immigration-related consequences would have on the defendant and his family). *United States v. White*, 301 F. Supp. 2d 289 (S.D.N.Y. 2004) (granting downward departure for defendant who was guardian and sole provider for six children).

16. Other Courts have applied section 5H1.6 extraordinary-circumstances standard, but with a broad definition of "extraordinary." *See United States v. Dominguez*, 296 F.3d 192, 195 (3d Cir. 2002) ("[T]he term 'extraordinary' . . . retains its literal meaning: the circumstances of the case must simply place it outside the ordinary."). *U.S. v. Gaskill*, 991 F.2d 82 (3rd Cir. 1993) (determining that the district court had discretion to grant a downward departure when defendant was sole caretaker and provider for his wife who suffered from severe mental health conditions that required ongoing care, and defendant was not convicted of a violent crime) See also *United States v. Baker,* 502 F.3d 465, 467 (6th Cir. 2007) (upholding variance where defendant's son would be adversely affected by defendant's incarceration and defendant demonstrated remorse). See also *United*

13

*States v. Lehmann*, 513 F.3d 805 (8th Cir. 2008) (affirming a downward variance where the district court found that a prison sentence would negatively affect the defendant's young son with disabilities). *United States v. Cox*, 271 F. Supp. 3d 1085, 1087 (S.D. Iowa 2017) (granting variance after considering defendant's minor children in the section 3553(a) analysis, and concluding that **to fashion a sentence "sufficient, but not greater than necessary" under the statute, "the welfare of a defendant's children *must be fully considered*'** (emphasis added)).

17. In *United States v. Menyweather*, 447 F.3d 625, 628, 634 (9th Cir. 2006), overruled on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007) (**affirming downward departure for defendant mother who was a single parent, and noting that district courts "can justify consideration of family responsibilities, an aspect of the defendant's 'history and characteristics**,'18 U.S.C. §3553(a)(1), for reasons extending beyond the Guidelines").[Emphasis added]

18. In *United States v. Muñoz-Nava*, 524 F.3d 1137 (10th Cir. 2008) a case very similar to the case at bar, ( **The appellate court found that the sentencing court's finding that the defendant's family circumstances were extraordinary, where the defendant cared for his eight-year-old son as a single parent** and had elderly parents with serious medical problems, was supported by the record) [Emphasis added]

19. In the case at bar there is a very strong "extraordinary and compelling reason" for sentencing the Defendant to a shorter term of imprisoment. First, pursuant to Section 2 of U.S.S.G. §1B1.13, the Defendant …**is not a danger to the safety of any other person or to the community**, as provided in 18 U.S.C. § 3142(g). The Defendant was not charged with a crime of violence and he has never been a violent or dangerous person. Most importantly, the Defendant is the primary caregiver to his two minor children. If he is sentence to a term of imprisonment the person that will undoubtedly suffer the most will be his children. His children have no meaningful relationship with their mother. In the event that Defendant's mother's health continues to worsen, there is no one else who can take care of of his children. Without a doubt a seven and a five year old boy are unable to take care themselves. They not only need total care, but also total supervision. Disparity of Sentence:

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE FOR good cause shown, the Defendant, Eulides Oliveros-Lugo requests that this Honorable Court enters an order granting this Motion for Downward Variance and impose a substantially lower prison.

Respectfully submitted,

By: /s/ *Israel Jose Encinosa*
Israel Jose Encinosa, Esq.
F.B.N. 435007

15

**Encinosa Law, P.A.**
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Tel. (305) 804-6976
E-Mail: encinosalaw@reagan.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2025, a true and correct copy of the foregoing was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

By:/s/ *Israel Jose Encinosa, Esq.*
Israel Jose Encinosa